(7 Misc. Rep. 155.)

## IVES v. QUINN.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. EVIDENCE—AGREEMENT BETWEEN PLAINTIFF AND A THIRD PERSON.

In an action for rent it appeared that while plaintiff was in possession of the premises the landlord let them to defendant. Plaintiff claimed that her lease had not expired at that time and refused to go out. Defendant moved into a part of the premises, and, a controversy having arisen as to the possession, an agreement was entered into between plaintiff and the landlord, and plaintiff continued in possession. No agreement was shown to have been entered into between plaintiff and defendant. *Held* that the agreement between plaintiff and the landlord was admissible for the purpose of determining the rights of the parties.

2. SAME—EXPERT TESTIMONY.

In an action for rent a witness is not competent to testify as to the rental value of the premises where he is not shown to be an expert as to such values or to have had any experience in regard to renting.

Appeal from first district court.

Action by Grace D. Ives against Peter Quinn for rent. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Phillip Carpenter, for appellant.

Wakeman & Campbell, for respondent.

BOOKSTAVER, J. This action for rent was brought simultaneously with four actions for trespass, one of which was against the defendant in this action. All of the actions except this one were tried together, and resulted in judgment in favor of the present respondent. This action also resulted in a judgment in her favor. Appeals from all these judgments were taken to this court, the trespass actions being heard immediately before the appeal in this action. From the evidence it appears that the plaintiff had been in possession of a part of the top loft of No. 12 Vesey street for some time prior to May 1, 1893, at which time her superior landlord claimed her lease expired, and let the premises in question to the defendant. The plaintiff, however, claimed that her lease did not expire at that time and refused to go out. Defendant moved into a part of the premises, and thereupon a controversy arose be-

tween the plaintiff, the superior landlord, and the defendant, Quinn, as to the possession.    On or about the 15th May, an agreement of some kind was entered into between the superior landlord and the plaintiff, whereby she continued in possession of the premises, or that part occupied by her, until the 1st of June of that year.    The gist of this action against defendant is for the rent of those premises for the month of May.    No agreement is shown by the evidence to have been entered into between the plaintiff and the defendant. The only evidence on that point on plaintiff's behalf was the testimony of Mr. Abercrombie, which is as follows:

"Mr. Stewart, in the presence of Mr. Quinn, wanted me to talk to Mr. Quinn about Miss Ives' occupying a certain portion of the premises, and getting Mr. Quinn's consent that she should occupy the premises, and that he (Mr. Quinn) would let her have them if she would pay $10 or $15.    I said, 'No;' that we had nothing to do with Mr. Quinn, and that she was the rightful possessor of the premises and would have nothing to do with him; but if he wanted to occupy part of the premises, Miss Ives would let him in. Mr. Stewart said, 'Let us fix up an arrangement.'  .As near as I can recollect he said that.    We then went up to Miss Ives' office in the front part of the room. * * *  Before going into the office, there at the door, Mr. Stewart told me what part of the premises Mr. Quinn wanted to occupy. * * *  'Mr. Quinn wants the center portion;  if you let him have the center room, and take away your cutter and two or three other machines called "stitchers," —he wants to occupy that, and to bring in another ruling machine.' * * .* I told him that if necessary we would give Mr. ·Quinn two-thirds of the left side of the room and move the stitchers and cutting machines up towards the front."

The case does not show that Mr. Stewart had any authority to bind Mr. Quinn.    He positively denies that he made any arrangement with Mr. Abercrombie about rent, and Mr. Quinn positively denies that he made any such agreement, or authorized anybody to make any such arrangement for him.    This being all the evidence touching any agreement, we do not think the court was justified in finding there was any agreement of any kind to pay rent.    The utmost that could be inferred from this was that Mr. Quinn occupied a portion of the premises, and if Miss Ives was lawfully in possession of the same the court might have been justified, possibly, in finding that he should pay her something for such use and occupation.    But even that depended upon whether Miss Ives was a tenant and there was an agreement, express or implied, that Quinn should come in as a tenant under her.    Probably this could be determined by referring to the agreement made between the superior landlord and Miss Ives, and ordinarily we would have a right to refer to it, as the same is now on file in this court; but under the circumstances of' this case we cannot, as it was offered in evidence by the defendant and excluded,—thus showing conclusively that the court did not consider it at all in rendering its judgment.    From what has been said it is manifest that this paper was an exceedingly important one to determine the rights of the parties, and its exclusion on the trial was error.

The lease from the superior landlord to the defendant, Quinn, was also offered in evidence and excluded, which, under the evidence in this case, we think was error, as it is claimed the agreement first

excluded has reference to the tenants of the superior landlord, and it was necessary to have both papers before the court in order to determine the plaintiff's and defendant's respective rights to the premises.

Mr. Abercrombie and the plaintiff were allowed by the court to testify as to the value of the premises occupied by the defendant. Neither of them were shown to be experts as to such value, or to have had any experience in regard to the renting of premises, and we think the admission of this evidence was error, under defendant's objection.

We also think the damages allowed by the court for the use and occupation of these premises excessive. Defendant testifies the entire loft was about 115 by 25 feet, and that he had a space about 5 feet by 12, in which he had only two girls working. He did not occupy it under this agreement for more than half a month. Twenty-seven dollars is three or four times more than the ratable proportion of the loft occupied by the defendant was worth, according to this testimony. The judgment should therefore be reversed, with costs to the appellant. All concur.